```
IN THE UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Raymond Joseph Alaounis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:16-cv-532-BHH |
| ) | |
| Nancy A. Berryhill, Commissioner ) | **ORDER** |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Raymond Joseph Alaounis's ("Plaintiff") claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Thomas Rogers, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In his Report, filed on February 15, 2017, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed timely objections to the Report, and the Commissioner filed a response to those objections. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within fourteen days after being served a copy). For the reasons stated below, the Court respectfully declines to adopt the Magistrate Judge's Report and instead remands the matter for further administrative proceedings as outlined in this order.

**BACKGROUND**

On September 4, 2012, Plaintiff applied for DIB and SSI, alleging a disability onset date of August 20, 2012. Both claims were denied initially and upon reconsideration, and Plaintiff requested a hearing. A hearing took place on August 1, 2014, and both Plaintiff and a vocational expert ("VE") testified. On October 2, 2014, the Administrative Law Judge ("ALJ") denied Plaintiff's claims, finding that he was not disabled under the Social Security Act. Plaintiff filed a request for review of the ALJ's decision, but the Appeals Council denied the request on December 18, 2015, making the ALJ's decision the final decision of the Commissioner.

Plaintiff was born on June 18, 1962, and was over fifty years old as of the alleged onset date. Plaintiff completed his education through eighth grade and has past relevant work experience as a driver for a moving company and a driver/mechanic for a supply company. Plaintiff alleged disability originally due to hypertension, cardiomyopathy, severe left ventricular 25-30% ejection fraction, decompensated systolic congestive failure, dyslipidemia, diabetes, shortness of breath, orthopnea, and dyspnea.[1]

**STANDARDS OF REVIEW**

**I.    The Magistrate Judge's Report**

The Court conducts a de novo review to those portions of the Magistrate Judge's Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the

---

[1] The Magistrate Judge's Report includes a lengthy discussion of the medical evidence of record and the Court incorporates by specific reference this portion of the Report.

2

objection is made and the basis for the objection.  *Id.*

## II.     Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.  Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied."  *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency.  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

## I.     The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful since August 13, 2013, the amended onset date of disability. At step two, the ALJ found that Plaintiff has the following severe impairments: heart disease, diabetes mellitus, hypertension, degenerative changes of the left hip and ankle and right shoulder, and

peripheral neuropathy.  Next, at step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following exceptions: Plaintiff is limited to occasional kneeling, stooping, and climbing ramps or stairs, and is precluded from performing other postural movements; Plaintiff may frequently reach with the right upper extremity and must avoid concentrated exposure to sunlight and workplace hazards such as unprotected heights and dangerous machinery and parts; and Plaintiff must have a sit/stand option at the workstation every 30 to 60 minutes.  Next, the ALJ found that Plaintiff is unable to perform his past relevant work but that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Therefore, the ALJ found that Plaintiff was not under a disability as defined in the Social Security Act.

**II.     The Parties' Briefs and the Magistrate Judge's Report**

Plaintiff filed this action on February 22, 2016, and filed his brief on September 14, 2016, raising three arguments.  First, Plaintiff contends that the ALJ failed to explain her findings regarding Plaintiff's RFC as required by Social Security Ruling 96-8p.  Second, Plaintiff asserts that the ALJ failed to properly apply the Grids as a framework for decision making.  Third, Plaintiff asserts that the ALJ failed to properly consider his credibility.

The Commissioner filed a brief in opposition asserting that substantial evidence supports the ALJ's decision denying benefits.

The Magistrate Judge considered the parties' briefs and ultimately rejected each of Plaintiff's arguments. First, the Magistrate Judge held that the ALJ properly set forth a narrative discussion of the evidence supporting the conclusion that Plaintiff had the RFC to perform a range of light work with certain exceptions, and the Magistrate Judge found that the ALJ's RFC analysis complies with Social Security Ruling 96-8p. Second, the Magistrate Judge rejected Plaintiff's argument that the ALJ erred in using the "light" exertional rule as a framework instead of Rule 201.10, which would have led to a finding of disabled. Specifically, the Magistrate Judge held that the ALJ's reliance on VE testimony and the Grids was appropriate due to the substantial evidence highlighting Plaintiff's ability to perform the work that the VE testified was available. Finally, the Magistrate Judge found no error in the ALJ's assessment of Plaintiff's credibility under Social Security Ruling 96-7p.

### III. Plaintiff's Objections

In his objections to the Magistrate Judge's Report, Plaintiff first asserts that the Magistrate Judge erred in determining that the ALJ properly assessed Plaintiff's RFC. In short, Plaintiff asserts that the ALJ failed to properly explain her decision, and that the Magistrate Judge's mere repetition of the ALJ's incomplete analysis does not cure the defect. Second, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly relied on the VE's testimony to determine whether there were a significant number of jobs Plaintiff could perform in the national economy. Specifically, Plaintiff contends that the RFC for less than a full range of light work activity is much closer to a Grid Rule at the sedentary level, which would require a finding that Plaintiff is disabled. Finally, Plaintiff asserts that the Magistrate Judge erred in finding that the ALJ properly considered Plaintiff's credibility

because Plaintiff contends that the ALJ failed to consider evidence regarding Plaintiff's complaints of pain and his work history, and failed to properly explain how Plaintiff's activities of daily living contradict a finding of disability.

### A. The ALJ's RFC Analysis

An individual's RFC is an assessment of his or her "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." S.S.R. 96-8p at *1. An ALJ assesses a claimant's RFC "based on all the relevant medical and other evidence." 20 C.F.R. § 404.1520(a)(4).

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8p. Thus, an ALJ can give weight to some medical evidence, while disregarding other medical evidence, when determining a claimant's RFC. *See Bacnik v. Colvin*, No. 1:12-cv-801, 2014 WL 3547387, at *4 n. 7 (M.D.N.C. July 17, 2014). However, "'a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). In other words, the ALJ must "'build an accurate and logical bridge from the evidence to his conclusion.'" *Id.* (quoting *Clifford v. Apfel*, 227 F.3d 863,

872 (7th Cir. 2000)).

Here, the ALJ found that Plaintiff has the RFC to perform light work with the following exceptions: Plaintiff is limited to occasional kneeling, stooping, and climbing ramps or stairs, and is precluded from performing other postural movements; Plaintiff may frequently reach with the right upper extremity and must avoid concentrated exposure to sunlight and workplace hazards such as unprotected heights and dangerous machinery and parts; and Plaintiff must have a sit/stand option at the workstation every 30 to 60 minutes. In making this determination, the ALJ stated that she considered all symptoms and the extent to which those symptoms are consistent with the objective medical evidence and other evidence. Importantly, however, after a review of the ALJ'S decision, the Court agrees with Plaintiff that it is not clear how the ALJ actually accounted for Plaintiff's severe impairments of diabetes and peripheral neuropathy in assessing Plaintiff's RFC.

First, although the ALJ does mention one record from November of 2012 (prior to the alleged onset date) when Plaintiff was seen for follow-up due to diabetes, hypertension, and hyperlipidemia, the ALJ does not address any of the other the medical records from between 2012 and April of 2014 concerning the status of Plaintiff's diabetes. (*See, e.g.,* Tr. at 362, 366, 383, 384, and 393.) Moreover, although the ALJ found Plaintiff's diabetes to be a severe impairment, she does not include any explanation in her narrative of how Plaintiff's diabetes impacts his ability to perform work or otherwise affects her determination of Plaintiff's RFC.

Likewise, with respect to Plaintiff's peripheral neuropathy, although the Magistrate Judge is correct that the ALJ's decision references one note from March of 2013 where Plaintiff complained of numbness in his feet and toes, the ALJ's decision does not

reference the other medical records concerning Plaintiff's complaints of pain, numbness, and claudication. (*See, e.g.,* Tr. at 308, 314, 342, 345, 360, 363, 371, 374, 384, 393, 403, and 422-23.) Here again, although the ALJ found Plaintiff's peripheral neuropathy to be a severe impairment, she does not explain in her decision how this impairment affected Plaintiff's work-related abilities on a function-by-function basis.

Ultimately, because the ALJ failed to properly explain how she accounted for Plaintiff's severe impairments of diabetes and peripheral neuropathy in her RFC assessment, the Court believes that the ALJ's decision lacks the specific analysis that would allow for meaningful review. Consequently, the Court is unable to determine whether substantial evidence supports the ALJ's decision. As Plaintiff states in his objections, "[w]hile there may be valid reasons to conclude that the RFC does not need to account for [ ] diabetes or neuropathy [ ], the ALJ fails to properly explain why she has made that decision." (ECF No. 28 at 4.) *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)) (alterations in original) (noting that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."); *see also Monroe v. Colvin*, 826 F.3d 178, 188 (4th Cir. 2016).

**B.    Plaintiff's Remaining Objections**

Because the Court finds that the ALJ's failure to adequately explain her RFC assessment, including how certain severe impairments factored into Plaintiff's work-related abilities, is a sufficient basis to remand the case to the Commissioner, the Court declines to specifically address Plaintiff's remaining arguments. However, upon remand, the

Commissioner should take into consideration Plaintiff's remaining allegations of error, including Plaintiff's claim that the ALJ failed to properly evaluate Plaintiff's ability to perform other work and his credibility.

## **CONCLUSION**

Based upon the foregoing, the Court respectfully declines to adopt the Magistrate Judge's Report (ECF No. 26) and instead reverses the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g) and remands the case to the Commissioner for further administrative proceedings.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

June 15, 2017
Charleston, South Carolina